Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

SANTIAGO SIERRA , *individually and on behalf of others similarly situated,*

           *Plaintiff,*

-against-

MID CITY GYM AND TANNING LLC (d/b/a MID CITY GYM AND TANNING), VINCENT CONSALVO  and ELIDA CONSALVO

           *Defendants.*

------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Santiago Sierra individually and on behalf of others similarly situated ("Plaintiff Sierra" or "Mr. Sierra"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Mid City Gym and Tanning LLC (d/b/a "Mid-City Gym and Tanning") ("Defendant Corporation"), Vincent Consalvo and Elida Consalvo (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1.    Plaintiff Sierra is a current employee of Defendants Mid City Gym and Tanning LLC (d/b/a "Mid City Gym and Tanning"), Vincent Consalvo and Elida Consalvo.

2.    Mid City Gym and Tanning is a gym and tanning center located at 345 W. 42nd Street, New York, New York, 10036.

3. Upon information and belief, Defendants Vincent Consalvo and Elida Consalvo serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the gym and tanning center.

4. Plaintiff Sierra is a current employee of Defendants.

5. Plaintiff Sierra has worked at Defendants' gym and tanning center, where his duties consist of maintenance and repair of exercise equipment and cleaning of the entire business.

6. Plaintiff Sierra regularly has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he has worked over 40 in a week.

7. Rather, Defendants have failed to maintain accurate recordkeeping of his hours worked, and have failed to pay Plaintiff Sierra appropriately for any hours worked over 40.

8. Defendants' conduct extends beyond Plaintiff Sierra to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Sierra and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Sierra now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Sierra seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and current employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sierra's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Sierra has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Santiago Sierra ("Plaintiff Sierra" or "Mr. Sierra") is an adult individual residing in Queens County, New York.

15. Plaintiff Sierra has been employed by Defendants from approximately November 2008 until the present date.

16. Plaintiff Sierra consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

3

17. Defendants own, operate and/or control a gym and tanning center located at 345 W. 42nd Street, New York, New York, 10036.

18. Upon information and belief, Mid City Gym and Tanning LLC (Defendant Corporation) is a corporation organized and existing under the laws of the State of New York.

19. Upon information and belief, it maintains its principal place of business at 345 W. 42nd Street, New York, New York, 10036.

20. Defendant Vincent Consalvo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant Vincent Consalvo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant Vincent Consalvo possesses or possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23. Defendant Vincent Consalvo determines the wages and compensation of the employees of Defendants, including Plaintiff Sierra, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Elida Consalvo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25. Defendant Elida Consalvo is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

26. Defendant Elida Consalvo possesses or possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27. Defendant Elida Consalvo determines the wages and compensation of the employees of Defendants, including Plaintiff Sierra, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate a gym and tanning center located at 345 W. 42nd Street, New York, New York, 10036.

29. Individual Defendants Vincent Consalvo and Elida Consalvo possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation and control significant functions of Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31. Each Defendant possesses substantial control over Plaintiff Sierra's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sierra, and all similarly situated individuals, referred to herein.

32. Defendants jointly have employed Plaintiff Sierra, and all similarly situated individuals, and are Plaintiff Sierra's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Sierra and/or similarly situated individuals.

34. Upon information and belief, individual Defendants Vincent Consalvo and Elida Consalvo operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) intermingling assets and debts of their own with Defendant Corporation;

    (g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

    (h) other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants have been Plaintiff Sierra's employers within the meaning of the FLSA and NYLL.

36. Defendants have had the power to hire and fire Plaintiff Sierra, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Sierra's services.

37. In each year from 2010 to the present, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that have been used in the regular operation of the gym and tanning business on a daily basis are produced outside of the State of New York.

*Individual Plaintiff*

39. Plaintiff Sierra is a current employee of Defendants, primarily employed in performing the duties of a maintenance/repair and cleaning worker.

40. Plaintiff Sierra seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Santiago Sierra*

41. Plaintiff Sierra has been employed by Defendants from approximately November 2008 until the present date.

42. At all relevant times, Plaintiff Sierra has been employed by Defendants as maintenance and cleaning worker and occasionally as repair worker.

43. Plaintiff Sierra regularly has handled goods in interstate commerce necessary to perform his work, including cleaning fluids and tools for repair and cleaning, produced outside of the State of New York.

44. Plaintiff Sierra's work duties have required neither discretion nor independent judgment.

7

45. Throughout his employment with Defendants, Plaintiff Sierra regularly has worked in excess of 40 hours per week.

46. From approximately April 2010 until on or about January 2015, Plaintiff Sierra worked from approximately 1:00 p.m. until on or about 11:30 or 11:40 p.m. Mondays through Fridays from approximately 12:00 p.m. until on or about 5:00 p.m. on Saturdays and from approximately 3:00 p.m. until on or about 8:30 or 9:00 p.m. on Sundays (typically 52.5 to 53.5 hours per week).

47. From approximately January 2015 until on or about September 2015, Plaintiff Sierra worked from approximately 1:00 p.m. until on or about 11:00 p.m. Mondays through Fridays, from approximately 12:00 p.m. until on or about 5:00 p.m. on Saturdays and from approximately 3:00 p.m. until on or about 8:00 p.m. on Sundays (typically 50 hours per week).

48. From approximately September 2015 until the present date, Plaintiff Sierra has worked from approximately 1:00 p.m. until on or about 11:15 or 11:30 p.m. Mondays through Fridays and from approximately 3:00 p.m. until on or about 8:30 or 9:00 p.m. on Sundays (typically 46.5 to 48 hours per week).

49. Throughout his employment with defendants, Plaintiff Sierra has been paid his wages by check, except in some cases when Defendants paid Plaintiff Sierra's wages in cash.

50. From approximately April 2010 until on or about June 2014, Plaintiff Sierra was paid a fixed salary of $540 per week.

51. From approximately July 2014 until on or about September 2015, Plaintiff Sierra was paid a fixed salary of $600 per week.

52. From approximately September 2015 until the present date, Plaintiff Sierra has been paid $550 per week.

53. Plaintiff Sierra's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

54. In fact, throughout his entire employment with defendants, Plaintiff Sierra has worked 20 to 30 minutes past his scheduled departure time each day to clean the ladies bathroom, and has not been compensated for the additional time he has worked.

55. Defendants never have provided Plaintiff Sierra with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56. Defendants never have provided Plaintiff Sierra with a written notice, in English and in Spanish (Plaintiff Sierra's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Sierra regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

58. Defendants regularly have required Plaintiff Sierra to work in excess of forty (40) hours per week without paying him the proper overtime wages.

59. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Sierra (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

60. Plaintiff Sierra has been paid his wages by check.

9

61. By employing this practice, Defendants have avoided paying Plaintiff Sierra at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

62. Defendants have failed to post required wage and hour posters in Plaintiff Sierra's work areas, and have not provided Plaintiff Sierra with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sierra's relative lack of sophistication in wage and hour laws.

63. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Sierra (and similarly situated individuals) have worked, and to avoid paying Plaintiff Sierra properly for (1) his full hours worked and (2) for overtime due.

64. Defendants have failed to provide Plaintiff Sierra and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants have failed to provide Plaintiff Sierra and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Sierra brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or where have employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Mid City Gym and Tanning LLC(the "FLSA Class").

67. At all relevant times, Plaintiff Sierra and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

68. The claims of Plaintiff Sierra stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

69. Plaintiff Sierra repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants have been Plaintiff Sierra's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sierra (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of the FLSA, have failed to pay Plaintiff Sierra (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74. Defendants' failure to pay Plaintiff Sierra (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Sierra (and the FLSA Class members) have been damaged in an amount to be determines at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

76. Plaintiff Sierra repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiff Sierra overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

78. Defendants' failure to pay Plaintiff Sierra overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Sierra has been damaged in an amount to be determines at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

80. Plaintiff Sierra repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants have failed to provide Plaintiff Sierra with a written notice, in English and in Spanish (Plaintiff Sierra's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Sierra in the amount of $5,000, together with costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

83. Plaintiff Sierra repeats and realleges all paragraphs above as though set forth fully herein.

84. Defendants have not provided Plaintiff Sierra with wage statements upon each payment of wages, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Sierra in the amount of $5,000, together with costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sierra respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Sierra in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sierra and the FLSA class members;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sierra's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sierra and the FLSA class members;

(e) Awarding Plaintiff Sierra and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Sierra and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sierra and the members of the FLSA Class;

(h) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sierra's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sierra and the FLSA Class members;

(j) Awarding Plaintiff Sierra and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(k) Awarding Plaintiff Sierra damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Sierra and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Sierra and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Sierra and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 19, 2016

                                MICHAEL FAILLACE & ASSOCIATES, P.C.

                                /s/ Michael Faillace
                      By:    Michael A. Faillace [MF-8436]
                                60 East 42nd Street, Suite 2540
                                New York, New York 10165
                                (212) 317-1200
                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 15, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                                Santiago Sierra

Legal Representative / Abogado:               Michael Faillace & Associates, P.C.

Signature / Firma:                            [signature]

Date / Fecha:                                 15 de marzo de 2016