```
                                      ┌─────────────────────────────┐
                                      │ USDC SDNY                   │
                                      │ DOCUMENT                    │
                                      │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT          │ DOC #: _____            │
SOUTHERN DISTRICT OF NEW YORK         │ DATE FILED: 10|25|17        │
---------------------------------X    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SANTIAGO SIERRA,                      :

                       Plaintiff,     :

        -against-                     :

MID CITY GYM AND                      :
TANNING LLC, et al.,

                                      :

                       Defendants.    :

-----------------------------------X

16 Civ. 2892 (HBP)

OPINION
AND ORDER


          PITMAN, United States Magistrate Judge:


          This matter is before me on the parties' joint

application to approve their settlement (Docket Item ("D.I.")

49).  The parties have consented to my exercising plenary

jurisdiction pursuant to 28 U.S.C. § 646(c).

          The Honorable Kevin N. Fox, United States Magistrate

Judge, presided over a settlement conference among the parties

and, thus, my knowledge of the underlying facts and the

justification for settlement is limited to the complaint and

counsel's representations in their joint motion seeking

settlement approval (Complaint, dated April 19, 2016 (D.I. 1);

Letter of Nolan Klein, Esq., to the undersigned, dated Aug. 18,

2017 (D.I. 47)("Klein Letter")).

Plaintiff formerly worked at defendants' gym and tanning center, where his duties included maintaining and repairing exercise equipment and keeping the facility clean. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL"), and seeks recovery for allegedly unpaid wages and overtime pay.  Plaintiff also asserts claims based on defendants' failure to provide certain notice and wage statements as required by the NYLL and defendants' failure to pay "spread-of-hours" pay. Plaintiff brought this action as a collective action, but reached the proposed settlement before conditional certification.

Plaintiff was employed by defendants beginning in approximately April 2010 through approximately April 2016 (Klein Letter, Ex. 2).  Plaintiff alleges that he regularly worked approximately 60 hours per week throughout his employment, but that defendants failed to compensate him for the overtime hours that he worked.  Furthermore, plaintiff alleges that he was paid a fixed salary that was below federal and state mandated minimum wages.  Plaintiff claims that he is entitled to $30,537.23, exclusive of liquidated damages, penalties for certain statutory violations and interest.  If liquidated damages, statutory

penalties and interest are included in the calculation, plaintiff

claims that his total damages are approximately $98,465.39.[1]

Defendants deny plaintiff's allegations.  Defendants

dispute the method by which plaintiff alleges he was paid;

defendants contend that they paid plaintiff at an appropriate

hourly rate that had been agreed upon when plaintiff was hired.

Furthermore, defendants argue that because their gym is a small

establishment with only one location, they may not have

sufficient funds to satisfy a potentially greater judgment that

plaintiff might receive at trial, should he prevail on all or

some of his claims.

The parties have agreed to a total settlement in the

amount of $50,000.00 (Klein Letter, Ex. 1).  The parties have

also agreed that one-third of that amount, $16,666.67, will be

paid to plaintiff's counsel to reimburse counsel's out-of-pocket

expenses and for attorney's fees.[2]

Court approval of an FLSA settlement is appropriate

---

[1] Plaintiff actually calculates total potential recoverable
damages and interest to be $116,596.39.  However, to reach this
sum, plaintiff assumes that he can recover liquidated damages
under both the FLSA and the NYLL.  This assumption is wrong as a
matter of law. Chowdhurry v. Hamza Express Food Corp., 666 F.
App'x 59, 60-61 (2d Cir. 2016).  Correcting this error in
plaintiff's damages calculations reduces plaintiff's total
potentially recoverable damages by approximately $18,131.00.

[2] The parties do not indicate what out-of-pocket expenses,
if any, plaintiff's counsel has incurred.

> "when [the settlement] [is] reached as a result of
> contested litigation to resolve bona fide disputes."
> Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376,
> at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed
> settlement reflects a reasonable compromise over con-
> tested issues, the court should approve the settle-
> ment." Id. (citing Lynn's Food Stores, Inc. v. United
> States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1

(S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original).

"Generally, there is a strong presumption in favor of finding a

settlement fair, [because] the Court is generally not in as good

a position as the parties to determine the reasonableness of an

FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp.

2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quota-

tion marks omitted). In Wolinsky v. Scholastic Inc., 900 F.

Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,

United States District Judge, identified five factors that are

relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA]
> settlement is fair and reasonable, a court should
> consider the totality of circumstances, including but
> not limited to the following factors: (1) the
> plaintiff's range of possible recovery; (2) the extent
> to which the settlement will enable the parties to
> avoid anticipated burdens and expenses in establishing
> their claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's length
> bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

4

(internal quotation marks omitted).  The settlement here satis-
fies these criteria.

First, although the net recovery to plaintiff repre-
sents approximately 33.9% of his total potentially recoverable
damages, plaintiff's net recovery exceeds the amount of unpaid
wages, overtime pay and spread-of-hour pay that plaintiff has
alleged, exclusive of liquidated damages, penalties and inter-
ests, by approximately $3,000.00.  Moreover, defendants dispute
the method by which plaintiff alleges he was paid and plaintiff's
entitlement to unpaid wages and overtime pay.  In addition,
defendants warn that they simply do not generate the income
necessary to satisfy a potentially larger award of damages,
creating a real possibility that plaintiff would be unable to
collect a post-trial judgment.  As discussed in greater detail
below, given the risk these issues present at trial, the amount
is reasonable.

Second, the settlement will entirely avoid the burden,
expense and aggravation of litigation.  The settlement was
reached prior to any extensive documentary discovery, depositions
or dispositive motions.  The settlement obviates the burden of
addressing these tasks.

Third, the settlement will enable plaintiffs to avoid
the risks of litigation.  As noted above, defendants argue that

5

plaintiff was compensated appropriately. In addition, defendants claim that there is a serious risk that they will be unable to satisfy any potentially larger judgment that plaintiff might be awarded at trial. Thus, how much, or whether, plaintiffs would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT) 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

The proposed settlement also contains a release (Klein Letter, Ex. 1 ¶ 3). It provides that plaintiff releases defendants[3] from "any and all charges, complaints, claims, causes of action, . . . which [p]laintiff at any time has, had, claims, or claimed to have against [d]efendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement" (Klein Letter, Ex. 1 ¶ 3). Defendants also agree to release plaintiff "from any and all known claims, and liabilities of any kind that they have, had or claimed to have [had]," relating to the action (Klein Letter, Ex. 1 ¶ 3). Such a release, although unlimited in duration, is permissible because it is limited to claims relating to wage and hour issues. See e.g., Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at

---

[3] Under the terms of the provision, plaintiff also agrees to release defendants' "heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers" (Klein Letter, Ex. 1¶ 3).

*1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving
release that included both known and unknown claims but was
limited to wage and hour claims); Hyun v. Ippudo USA Holdings, 14
Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24,
2016) (Nathan, D.J.) (approving release that included both known
and unknown claims and claims through the date of the settlement
that was limited to wage and hour issues; rejecting other release
that included both known and unknown claims and claims through
the date of the settlement that was not limited to wage and hour
issues); cf. Alvarez v. Michael Anthony George Constr. Corp., No.
11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27,
2015) (rejecting release of all claims "whether known or unknown,
arising up to and as of the date of the execution of this Agree-
ment" because it included "the release of claims unrelated to
wage and hour issues" (internal quotation marks omitted)); cf.
Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y.
2016) (Moses, M.J) (rejecting a general release that released a
"long list" of entities and persons related to defendants from
"every imaginable claim").

Finally, the settlement agreement provides that one-
third (or 33.3%) of the settlement fund will be paid to plain-
tiffs' counsel to reimburse counsel's out-of-pocket expenses and
as contingency fees.  Contingency fees of one-third in FLSA cases

8

are routinely approved in this Circuit.  Santos v. EL Tepeyac

Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3

(S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this

District have declined to award more than one third of the net

settlement amount as attorney's fees except in extraordinary

circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc.,

13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31,

2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13

Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014)

(Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No.

13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013)

(approving attorneys' fees of one-third of FLSA settlement

amount, plus costs, pursuant to plaintiff's retainer agreement,

and noting that such a fee arrangement "is routinely approved by

courts in this Circuit"); Febus v. Guardian First Funding Grp.,

LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A]

fee that is one-third of the fund is typical" in FLSA cases);

accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-

6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014);

Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL

2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

9

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the action is dismissed with prejudice and without costs.  The Clerk is respectfully requested to mark this matter closed.

Dated:    New York, New York
          October 25, 2017

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:
All Counsel

10